**FILED**

DEC 17 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ernest M. Greely, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1852 (UNA) |
| ) | |
| Matthew Leefer, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a federal prisoner incarcerated in White Deer, Pennsylvania. He sues an attorney in Boonburg, Maryland. Plaintiff does not identify a cause of action but the allegations suggest legal malpractice. Plaintiff seeks $26,695.20, which he claims is the amount of social security benefits he lost as a result of his incarceration.

The complaint does not present a federal question, and the amount in controversy is well below the minimal amount for exercising diversity jurisdiction.  Hence, this case will be dismissed.  A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ketanji B. Jackson
United States District Judge

DATE: December 12, 2014